UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

A One Management I, Inc.,                                    Chapter 11
                                                             Case No.: 09-48331-jbr
                               Debtor
----------------------------------------------------------x

# DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION

This matter having come before the Court on the filings of Certifications of Maria Valvi, (Docket Number 80), John Murray (Docket Number 81), Nicholas Gordon (Docket Number 82) and David Graubard (Docket Number 83) without an accompanying Motion or Order to Show Cause: the Court shall treat Debtor's filings collectively as a Motion for Reconsideration (the "Motion"), and after due consideration of the Motion and the Affirmation in Opposition (Docket Number 84), filed by Carnegie Hall Overlook, LLC, (the "Opposition"), the Court hereby makes the following findings:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). "[C]ase law has shown that there are three reasons for a court to grant a motion for

reconsideration: (1) an intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *In re Parikh*, 397 B.R. 518, 523 (Bankr.E.D.N.Y. Nov 04, 2008).  "A motion based on manifest error of law or fact will not be granted except on a showing of some substantial reason. The burden is on the movant to demonstrate these manifest errors." *In re Crozier Bros., Inc.,* 60 B.R. 683, 688 (Bankr.S.D.N.Y.1986).

2. A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991). "The evidence must not only have been "newly discovered " but it must be of such a nature that it would probably affect the original result." *In re Crozier*, 60 B.R. at 688.  Therefore "…a motion for reconsideration is not appropriate where counsel is simply rearguing its case with facts, law, and issues that were available at the earlier hearing." *In re Parikh*, 397 B.R. at 526.

3. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome.  The Debtor has not met the burden to support a motion for reconsideration.

4. The Debtor has presented no basis for a revocation of confirmation for the Plan already confirmed.

5. The Debtor had more than ample time and opportunity to file a proper

Disclosure Statement and a confirmable Plan of Reorganization.

For the foregoing reasons, the Motion is hereby DENIED.



Dated: November 4, 2010  
Brooklyn, New York

_____  
Joel B. Rosenthal  
United States Bankruptcy Judge