UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                                         Case No.: 09-48331

A One Management I, Inc.                                         Chapter 11

                              Debtor.
-----------------------------------------------------------x


**DECISION AND ORDER INVALIDATING LEASES AND TENANCIES AT 577
WARREN STREET, BROOKLYN, NEW YORK**


JOEL B. ROSENTHAL

United States Bankruptcy Judge


        This matter comes before the Court upon the Motion for Contempt of this Court's

Amended Confirmation Order Dated November 2, 2010 and for Sanctions filed by Carnegie Hall

Overlook, LLC ("Carnegie") (Docket No. 87), as assignee of a certain mortgage covering the

premises known as 577 Warren Street, Brooklyn, New York ("577 Warren Street") and the

proponent of the confirmed Chapter 11 plan of reorganization.  The Court held an evidentiary

hearing on December 7, 2010, and issued an Order on December 8, 2010 (Docket No.104),

finding the Debtor, Maria Valvi, principal of the Debtor, and Nicholas Gordon, property

manager for the Debtor, in contempt of the Court's Amended Order of Confirmation dated

November 2, 2010 (the "Confirmation Order") (Docket No. 87) and scheduling a further hearing

on, *inter alia*, the validity of alleged leases and tenancies at 577 Warren Street.  The Court held a

further evidentiary hearing on January 12, 2011, and based upon the testimony of witnesses, the

documents submitted into evidence, and the arguments of counsel, for the reasons set forth below

the Court finds that the leases and tenancies of **Keith James, Frank Rodriquez, Ronald**

**Tantajulca, Jessica Gonzalez, Leidy Estevez, Fancisco Julca, Sergio Matos, Mohammed Siddiqi, and Estevez Martinez** at 577 Warren Street, Brooklyn, New York, to the extent they exist or ever existed, are void and without any force and effect.

## JURISDICTION

The Court has jurisdiction over these core proceedings under 28 U.S.C. §§ 1334 and 157(b)(2) and the Eastern District of New York Standing Order of reference dated August 28, 1986.  This Decision and Order constitute the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

## BACKGROUND

In the Court's December 8, 2010 Order (Docket No. 104), the Court ordered that Maria Valvi, Nicholas Gordon, Keith James, Frank Rodriquez, Ronald Tantajulca, Jessica Gonzalez, Leidy Estevez, Fancisco Julca, Sergio Matos, Mohammed Siddiqi, and Estevez Martinez, appear before the Honorable Joel B. Rosenthal, U.S. Bankruptcy Judge, on December 17, 2010 at 9:30 a.m. to address the questions on the legitimacy of the alleged leases and tenancies created by the eight October 2010 alleged leases, the alleged misconduct regarding the maintenance and repair of 577 Warren Street, Brooklyn, New York, and the alleged conspiracy of the owner, management and/or tenants to frustrate and/or interfere with the reorganization effort and determine what, if any, sanctions are appropriate.  The record reflects that Jose Parrillo, Mohammed Siddiqi, Keith James, Jessica Gonzalez, Frank Rodriquez, Ronald Tantajulca, Francisco Julca[1] c/o Andrew Molbert, Esq., Sergio Matos[1] a/k/a Sergio DeMatos c/o Andrew

---

[1] The Court is aware that Andrew Molbert, counsel for Mr. Gordon, also represents three of the tenants at 577 Warren Street: Estevez Martinez, Sergio Matos, and Francisco Julca in New York State Court proceedings against

Molbert, Esq., Leydi Estevez[1] a/k/a Ledidy Estevez a/k/a Estevez Martinez c/o Andrew Molbert, Esq. were all served with a subpoena for the scheduled December 17, 2010 hearing.  See Affidavit/Certificate of Service of Subpoenas for Contempt Hearing (Docket No. 109).

At the request of parties, the Court adjourned the December 17, 2010 evidentiary hearing to a December 23, 2010 non-evidentiary telephonic hearing with the representation of counsel that a settlement was in the works.  Almost immediately upon the adjournment the Court was informed that the settlement had fallen apart and that Mr. Gordon would be out of the country for the December 23, 2010 hearing (a fact apparently not revealed to Carnegie's counsel until after the hearing was adjourned).

At the December 23, 2010 hearing the Court scheduled a further evidentiary hearing for January 12, 2011 to address the questions of the legitimacy of the alleged leases and tenancies created by the eight alleged October 2010 leases, the alleged misconduct regarding the maintenance and repair of 577 Warren Street, Brooklyn, New York, and the alleged conspiracy of the owner, management and/or tenants to frustrate and/or interfere with the reorganization effort and determine what, if any, sanctions are appropriate.  The Court's December 23, 2010 Order (Docket No. 117) again ordered that Maria Valvi, Nicholas Gordon, Keith James, Frank Rodriquez, Ronald Tantajulca, Jessica Gonzalez, Leidy Estevez, Fancisco Julca, Sergio Matos, Mohammed Siddiqi, and Estevez Martinez, be served with notice to appear before the Court on January 12, 2011.  The record shows that Keith James, Frank Rodriquez, Ronald Tantajulca, Jessica Gonzalez, Leydi Estevez a/k/a/ Leydi Estevez-Martinez, Francisco Julca, Sergio Matos a/k/a Sergio Dematos, and Mohammed Siddiqi were served with notice of the January 12, 2011 hearing. See Affidavit/Certificate of Service (Docket No. 119).

---

Carnegie.  The Court is not ruling on the issue of improper or conflicting representation at this time but notes that it is fairly obvious that counsel has put himself in a rather untenable position by accepting multiple representations.

The Court held a hearing on January 12, 2011 and heard the testimony of Maria Valvi, Nicholas Gordon, and Igor Gornayer, property manager for Carnegie.   None of the alleged tenants appeared, filed any papers, or communicated with the Court in any way, including the three alleged tenants who are represented by Mr. Molbert in certain State Court against Carnegie.

## DISCUSSION

At issue in this case are eight alleged residential leases for the real property located at 577 Warren Street which, if created at all, were created on or about October 2010.  Carnegie urges a finding that the leases are invalid, and Mr. Gornayer, the property manager for Carnegie, testified that the apartments are unoccupied.  Carnegie alleges that Mr. Gordon entered into the eight leases as an attempt by the principal of the Debtor, Ms. Valvi, and managing agent of the Debtor, Mr. Gordon, to frustrate the confirmation process in order to retain the real estate for the Debtor and themselves[2].   Ms. Valvi is representing herself in this matter.  Mr. Gordon, represented by counsel, maintains that the eight alleged leases are valid and that he had authority to enter into them as the managing agent.  Mr Gordon also states that he entered into the alleged leases for the benefit of the Debtor's estate and/or Carnegie.

The Court is cognizant of the impact that its decision in this matter may have on the alleged tenants of 577 Warren Street.  For this reason, the Court took great pains to ensure that the eight tenants named in the leases were informed of the time, place, and specific nature of the December 17, 2010 and January 12, 2011 scheduled hearings.  The record shows that each of the tenants received notice of both hearing dates.  In addition, counsel for Carnegie has also stated

---

[2] The Court notes that the Debtor failed to file an acceptable disclosure statement, did not submit a plan, and apparently lacked the ability to structure a confirmable plan.

4

on the record that various locations were searched to find and serve all of the tenants.  The record also shows that none of the tenants, three of which are represented by Mr. Gordon's counsel in State Court proceedings, appeared in Court on January 12, 2011.  None of the tenants filed an appearance in the case, none of them appeared to defend the alleged leases under oath, and none of them attempted to contact the Court. Therefore, the Court cannot find that any of the eight alleged tenants listed in the leases believe that they have a valid lease at 577 Warren Street, or if they did, they were unwilling to provide testimony under oath to support their claims.   The only evidence and testimony that the Court has to support the legitimacy, in fact even the existence of the alleged leases is from Mr. Gordon, a non-credible witness in the view of this Court.  The Court has found on numerous occasions that Mr. Gordon is not a credible witness and that Mr. Gordon has a desire to delay Court proceedings.  Mr. Gordon delayed the December 7, 2010 hearing when he had to return to his office for documents and cash which he had previously been ordered to turn over to Carnegie; Mr. Gordon was not present at the Court's December 23, 2010 hearing because he was allegedly out of the country; and Mr. Gordon, most recently, filed an Order to Show Cause requesting an adjournment of the January 12, 2010 hearing based on an issue that he had knowledge of since October 2010.  The Court cannot and will not accept Mr. Gordon's testimony uncorroborated.

The Court finds that Mr. Gordon did not have authority to enter into the eight alleged leases. Offered into evidence was the managing agreement between the Debtor and Mr. Gordon.  See Rosen Exhibit F: Management Agreement.  The document was provided to Carnegie by Mr. Gordon.  The managing agreement may be missing pages, however, as presented to the Court as evidence, it is devoid of any authorization to Mr. Gordon to sign leases.  See id.  Moreover, even if Mr. Gordon had authority under the managing agreement to enter into leases, the alleged

October 2010 leases signed by Mr. Gordon are signed by him individually and do not disclose any claimed authority or capacity as a managing agent.  <u>See</u> Statement on Motion For Contempt: <u>Exhibit C: Leases (Docket No. 94)</u>.  Pursuant to New York law, "…An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity…" N.Y. - U.C.C. § 3-403(2)(a).  Therefore, the Court finds that at best Mr. Gordon entered into the alleged October 2010 leases as an individual.  The leases are not valid against the Debtor.  The eight alleged October 2010 leases for 577 Warren Street are invalid and void without force and effect against the Carnegie.

The Court finds that the Ms. Valvi and Mr. Gordon have repeatedly made attempts to delay and frustrate the Court's Confirmation Order (Docket No. 87).  On August 20, 2010 the Court held a hearing on the competing disclosure statements of the Debtor and Carnegie.  The Court approved Carnegie's disclosure statement and set a hearing on Confirmation for October 18, 2010, giving the Debtor ample time to file an amended disclosure statement and plan. The Court confirmed Carnegie's plan on October 18, 2010, and on November 2, 2010, the Debtor filed an Order to Show Cause requesting the Court to reconsider the confirmation of Carnegie's plan and allowing the Debtor to file an amended plan and disclosure statement (Docket No. 80). In the Debtor's Order to Show Cause, Ms. Valvi states that she was out of the country during the summer and not aware of the events of the case.  Ms. Valvi also states that there was a misunderstanding with counsel for the debtor and was requested additional time to obtain new counsel.   The Court denied the Debtor's Order to Show Cause because the Debtor presented no basis for a revocation of confirmation for the Plan already confirmed, and the Debtor had more than ample time and opportunity to file a proper Disclosure Statement and a confirmable Plan of

Reorganization.   However, as soon as November 25, 2010, counsel for Carnegie filed a Motion

for contempt for failure to comply with the Court's Confirmation Order.   The Court resolution

of the Motion for Contempt has since been delayed by Ms. Valvi and Mr. Gordon on several

occasions.  The Court adjourned the December 17, 2010 evidentiary hearing on the

representation that the parties had reached a settlement.  The Court then learned almost

immediately that the settlement had fallen apart and that Mr. Gordon was to take a trip out of the

country and was not going to be present at the December 23, 2010 hearing. Most recently, Ms.

Valvi and Mr. Gordon's filed an Order to Show Cause on January 10, 2011 requesting time to

obtain new counsel. However, as Ms. Valvi's November 2, 2011 letter to the Court shows, this

was not a new or urgent issue.  The Court views the continued efforts of Ms. Valvi and Mr.

Gordon to delay and frustrate the Confirmation Order (Docket No. 87) as further contempt of the

Court and will deal with the issues of sanctions and damages at a later date.   The Court also

notes that Mr. Gordon and Ms. Valvi have repeatedly made outrageous and unsubstantiated

allegations against both counsel for the Debtor, counsel for Carnegie, and others without any

evidentiary support.  The Court views these allegations as improper and potentially actionable

and reserves the right to address them at a later date if necessary.


CONCLUSION


For the foregoing reasons, the Court finds that the leases and tenancies of **Keith James,**

**Frank Rodriquez, Ronald Tantajulca, Jessica Gonzalez, Leidy Estevez, Fancisco Julca,**

**Sergio Matos, Mohammed Siddiqi, and Estevez Martinez** at 577 Warren Street, Brooklyn,

New York, void and without force and effect against Carnegie and/or the Debtor.

The Court will address the issues of contempt, sanctions, and damages, if any, at a later date.



Dated: January 18, 2011
      Brooklyn, New York

                **Joel B. Rosenthal**
         **United States Bankruptcy Judge**